Edwards, Angell, Palmer & Dodge LLP
Rory J. McEvoy (RM 1327)
John G. Stretton (JS 1051)
Attorneys for Defendants
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARC D. SIEGEL,                                     :
                                                    :      08 CIV. 5424 (DC)
                                                    :
                  Plaintiff,                        :
                                                    :      **DECLARATION OF**
          - against -                               :      **RORY J. McEVOY, ESQ.**
                                                    :
PITNEY BOWES, INC., et al.,                         :
                                                    :
                  Defendants.                       :
------------------------------------------------------------X

  RORY J. McEVOY pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

  1.  I am a member of the firm of Edwards Angell Palmer & Dodge LLP, attorneys for Defendants Pitney Bowes, Inc., Robert Kelly, Edward Rodriguez, Phil Weed and Brian Roland (collectively, "Defendants"), and I am fully familiar with this proceeding as well as the specific matters set forth herein. I make this declaration in support of Defendants' partial motion to dismiss the Complaint.

  2.  Attached as Exhibit 1 is a copy of the Complaint in the above-captioned action, filed on June 16, 2008.

Dated: New York, New York
    August 11, 2008

                           _Rory McEvoy /s/_
                           Rory J. McEvoy (RM 1327)

Exhibit 1

**08 CV 5424**

JS 44C/SDNY
REV. 1/2008

CIVIL COVER SHEET

**JUDGE COTE**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

JUN 16 2008

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Marc D. Siegel | Pitney Bowes, Inc.; Robert Kelly, Edward Rodriguez; Phil Weed; and Brian Roland |
| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
| Andrew J. Schatkin, 350 Jericho Turnpike, Jericho, NY 11753 (516) 932-8120 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Sec. 12111ff, and 42 U.S.C. Sec. 2000(e)

Has this or a similar case been previously filed in SDNY at any time? No? ☑ Yes? ☐   Judge Previously Assigned _____

If yes, was this case Vol.☐ Invol. ☐ Dismissed. No☐ Yes ☐  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)   NATURE OF SUIT

TORTS                                                                                           ACTIONS UNDER STATUTES

CONTRACT
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

REAL PROPERTY
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

PERSONAL INJURY
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

ACTIONS UNDER STATUTES
CIVIL RIGHTS
[ ] 441 VOTING
[x] 442 EMPLOYMENT
[ ] 443 HOUSING/ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

PERSONAL PROPERTY
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

PRISONER PETITIONS
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

FORFEITURE/PENALTY
[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

LABOR
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

IMMIGRATION
[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

BANKRUPTCY
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

PROPERTY RIGHTS
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

SOCIAL SECURITY
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

FEDERAL TAX SUITS
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

OTHER STATUTES
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

(654142)

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 7,000,000 OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☑ YES ☐ NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

JUDGE COTE

08 CV 5424

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARC D. SIEGEL,

                        Plaintiff,                        Civil Action No.

  -against-

PITNEY BOWES, INC.; ROBERT KELLY,               COMPLAINT
MANAGER PITNEY BOWES; EDWARD
RODRIGUEZ, SUPERVISOR PITNEY BOWES;   JURY TRIAL DEMANDED
PHIL WEED, MANAGEMENT SUPERVISOR
PITNEY BOWES; and BRIAN ROLAND,
HUMAN RESOURCES PITNEY BOWES;

                    Defendants.
-----------------------------------------------------------X

Count One

1. Plaintiff, MARC D. SIEGEL, by his attorney ANDREW J. SCHATKIN, Esq. complains of defendants, PITNEY BOWES, INC.; ROBERT KELLY, MANAGER PITNEY BOWES; EDWARD RODRIGUEZ, SUPERVISOR PITNEY BOWES; PHIL WEED, MANAGEMENT SUPERVISOR PITNEY BOWES; and BRIAN ROLAND, HUMAN RESOURCES PITNEY BOWES that they violated certain civil rights guaranteed to the plaintiff through the purposeful harassment, hostile work environment, and eventual termination of the plaintiff, all in violation of his civil rights, based on Disability and National Origin-Jewish. The Defendants, Pitney Bowes, Inc.; Robert Kelley, Manager Pitney Bowes; Edward Rodriguez, Supervisor Pitney Bowes; Phil Weed, Management Supervisor Pitney Bowes; and Brian Roland, Human Resources Pitney Bowes, are liable because of their policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of illegal harassment and discrimination, thereby creating a hostile work environment and eventually terminating the plaintiff, Mr. Marc

1

Siegel, all because of his Disability and National Origin. All said defendants knew and ratified this pattern of harassment, hostile work environment, and discriminatory termination, or should have known of it.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Sec. 12111ff and 42 U.S.C. Sec. 2000(e). This court's jurisdiction is invoked pursuant to all aforesaid statutory section. The pendent jurisdiction of the court is invoked pursuant to 28 U.S.C. Sec. 1367.

## PARTIES

3. The plaintiff was at all times relevant a citizen of the United States and a resident of Queens County, State of New York.

4. Defendant Pitney Bowes, Inc. is a business organization, doing business at 90 Park Avenue, New York, NY.

5. Defendant Robert Kelley is and was at all times relevant a managerial employee and at all times acted under the direction, policies, practices, and customs of Pitney Bowes, Inc.

6. Edward Rodriguez is and was at all times relevant a managerial employee and at all times acted under the direction, policies, practices, and customs of Pitney Bowes, Inc.

7. Phil Weed is and was at all times relevant a managerial employee and at all times acted under the direction, policies, practices, and customs of Pitney Bowes, Inc.

8. Brian Roland is and was at all times relevant a managerial employee and at all times acted under the direction, policies, practices, and customs of Pitney Bowes, Inc.

## FACTS AND BACKGROUND

9. The plaintiff herein, Marc Siegel, began working at Pitney Bowes in 1993, and worked there for thirteen and a half years and did exemplary and outstanding work. He held the position of Assistant Associate, and his job duties and responsibilities were sorting and delivering mail. Mr. Siegel had few complaints made against him, and was well beloved by all in the organization, especially the secretaries.

10. Mr. Siegel had health problems with respect to his back, and submitted a letter from a doctor recommending light and restricted duty, including limited walking and no heavy lifting. This letter was signed by a nurse, June Baxter. The managers, Robert Kelly and Edward Rodriguez, paid no attention to this written communication, and Mr. Siegel asked if he could continue to work on the same floors or do lighter floors.

11. Mr. Kelly challenged this restriction and told Mr. Siegel to call Brian Roland in Human Resources. After a couple of days Mr. Siegel got no headway and spoke on the phone to June Baxter and Brian Roland. Mr. Kelly refused to and did not come to the phone, and there was no agreement as to the floors. What was going on was that multiple floors were being assigned to Mr. Siegel, floors 11, 22, 23, and 24. This was contrary and against the light duty,

3

limited walking, and no heavy lifting medical restriction that had been placed and approved for doctors by Mr. Siegel with respect to his activities.

12. Thereafter, Mr. Siegel was written up a number of times, and these write ups were nothing more than harassment based on his Disability and Jewish National Origin. In the comparable position, which he occupied, i.e. sorting mail, there were few or no Jewish people doing this work, and Mr. Siegel was rendered this disparate treatment based on his Jewish National Origin and his Disability. Thus, these write-ups were nothing more than pretext to remove Mr. Siegel from his position.

13. Mr. Siegel was terminated in April of 2007. Three minutes before going home on Friday in April of 2007, Mr. Phil Weed, the Night Supervisor, told Mr. Siegel to do five faxes, and then Mr. Weed cursed and threatened Mr. Siegel. One day after this, Mr. Siegel was terminated with the approval and consent of Brian Roland of Human Resources.

14. This course of harassment, and Mr. Siegel's eventual termination and firing were based on his Disability, an injury to his back that mandated that he could only do restricted and light duty, and the fact that he was of Jewish heritage. Neither Mr. Kelly, Mr. Rodriguez, Mr. Weed, or Mr. Roland were of Jewish National Origin, and in fact there are few Jewish people working for Pitney Bowes in the area in which Mr. Siegel was specialized, or in many other areas of the company.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST PITNEY BOWES, INC.

15. Plaintiff repeats and realleges all the foregoing paragraphs 1-14 herein by reference.

16. The plaintiff, Marc Siegel, claims and states that he was discriminated against resulting in his eventual termination due to his Jewish National Origin, pursuant to 42 U.S.C. Sec. 2000(e).

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST PITNEY BOWES, INC.

17. Plaintiff repeats and realleges all the foregoing paragraphs 1-16 herein by reference.

18. Plaintiff Marc Siegel maintains and claims that he was discriminated against, resulting in his eventual termination due to his Disability pursuant to 42 U.S.C. Sec. 12111ff.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR THE INTENTIONAL INFLICTION OF MENTAL DISTRESS

19. Plaintiff repeats and realleges all the foregoing paragraphs 1-18 herein by reference.

20. Plaintiff Marc Siegel states and claims that the defendants named herein did act in an extreme and outrageous fashion beyond the range of decency and civilized behavior thereby causing him great mental and emotional distress including depression, anxiety, and loss of sleep.

WHEREFORE, plaintiff, Marc Siegel, request that this Court:

(a) Award compensatory damages against defendants, each of them, jointly and severally in the amount of $5,000,000.

(b) Award punitive damages against the defendants jointly and severally in the amount of $2,000,000

(c) Award cost of action, including attorney's fees, to plaintiff, and

(d) Award such other and further relief as this Court may deem appropriate.

(e) Award full back pay, including vacation and personal days.

(f) Award the plaintiff reinstatement to her former position.

A jury trial is demanded.


Dated: Jericho, NY
      June 5, 2008

                        LAW OFFICE OF ANDREW J. SCHATKIN
                        350 Jericho Turnpike
                        Jericho, NY 11753


                              Andrew J. Schatkin

WHEREFORE, plaintiff, Marc Siegel, request that this Court:

(a) Award compensatory damages against defendants, each of them, jointly and severally in the amount of $5,000,000.

(b) Award punitive damages against the defendants jointly and severally in the amount of $2,000,000

(c) Award cost of action, including attorney's fees, to plaintiff, and

(d) Award such other and further relief as this Court may deem appropriate.

(e) Award full back pay, including vacation and personal days.

(f) Award the plaintiff reinstatement to her former position.

A jury trial is demanded.


Dated: Jericho, NY
       June 6, 2008

                                    LAW OFFICE OF ANDREW J. SCHATKIN
                                    350 Jericho Turnpike
                                    Jericho, NY 11753

                                    _____
                                    Andrew J. Schatkin

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM 1327)
John G. Stretton (JS 1051)
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARK D. SIEGEL,

                Plaintiff,

-against-

PITNEY BOWES, INC., et al.,

                Defendants.

Index No.: 112884/07

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                                  : ss.:
COUNTY OF NEW YORK  )

Jean McLoughlin, being duly sworn, deposes and states that she is over the age of 18, is not a party to this action, and on the 11th of August 2008, she caused a true copy of the foregoing NOTICE OF MOTION with accompanying declaration and exhibit to be served upon:

                Andrew J. Schatkin, Esq.
                Attorney for Plaintiff
                350 Jericho Turnpike
                Jericho, New York 11753

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

                                                    Jean McLoughlin

Sworn to before me this
11th day of August 2008

_____
Notary Public

JULIA RABINOVICH
Notary Public, State of New York
No. 01RA6181248
Qualified in New York County
Commission Expires Jan. 28, 2012