UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARC D. SIEGEL,                                            :
                                                           :
        Plaintiff,                                 :
                                                           :
- against -                                                :      08 CIV. 5424 (DC)
                                                           :
PITNEY BOWES INC. ET. AL.                                  :
                                                           :
        Defendants.                                :
                                                           :
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' PARTIAL MOTION TO DISMISS

EDWARDS, ANGELL, PALMER & DODGE LLP
Rory McEvoy (RM 1327)
John G. Stretton (JS 1051)
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
(212) 308-4411

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

FACTS ..................................................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

    POINT I    DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ............................ 3

    POINT II    DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE VII OR THE ADA ................................................................................. 5

CONCLUSION ........................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bender v. City of New York*, 78 F.3d 787 (2d Cir. 1996) ................................................. 3

*Burlington Ind. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257 (1998) .................................... 6

*Dillon v. City of New York*, 704 N.Y.S.2d 1 (1st Dep't 1999) ........................................ 3

*Fischer v. Maloney*, 43 N.Y.2d 553, 402 N.Y.S.2d 350 (1978) ...................................... 3

*Foley v. Mobil Chem. Co.*, 214 A.D.2d 1003, 626 N.Y.S.2d 906 (2d Dep't 1995) ........ 4

*Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98 (2d Cir. 2001) ..... 6, 7

*Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449 (S.D.N.Y. 2006) ................................... 6

*Harris v. Mills*, 478 F. Supp. 2d 544 (S.D.N.Y. 2007) ................................................. 6, 7

*Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998) ................................... 6

*Howell v. New York Post Co.*, 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ....................... 3

*Jaffe v. Nat'l League for Nursing*, 222 A.D.2d 233, 635 N.Y.S.2d 9 (1st Dep't 1995) .. 4

*Lennon v. NYC Health and Hosp. Corp.*, 392 F. Supp. 2d 630 (S.D.N.Y. 2005) ....... 6-7

*Murphy v. Am. Home Prod. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) .......... 3, 4

*Navarro v. Fed. Paper Bd. Co., Inc.*, 586 N.Y.S.2d 381 (3rd Dep't 1992) ..................... 4

*Patterson v. County of Oneida, N.Y.*, 375 F.3d 206 (2d Cir. 2004) .............................. 6

*Spence v. Maryland Cas. Co.*, 995 F.2d 1147 (2d Cir. 1993) ........................................ 4

*Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995) .................................................. 6, 7

**Other Authorities**

Restatement of Torts Second, Comment d to § 46, subd. [1] ......................................... 3

## PRELIMINARY STATEMENT

Plaintiff Marc Siegel ("Plaintiff" or "Siegel"), a former Customer Service Associate at Pitney Bowes Inc. ("Pitney Bowes"), was discharged in April 2007 for poor performance. Nevertheless, in this action, Plaintiff claims that he was terminated because of his Jewish national origin and because he allegedly had back problems. Based on the meager allegations contained in the Complaint, Plaintiff alleges causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans With Disabilities Act ("ADA"). Plaintiff also alleges a cause of action for intentional infliction of emotional distress.

Plaintiff's intentional infliction of emotional distress claim should be dismissed because the factual allegations relied on by Plaintiff fall far short of the extreme and outrageous conduct required to support such a claim. Siegel has failed to allege, as mandated by the New York Court of Appeals, conduct by Pitney Bowes or by Robert Kelley ("Kelley"), Edward Rodriguez ("Rodriguez"), Phil Weed ("Weed") and Brian Roland ("Roland") (collectively the "Individual Defendants") that is so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society. Accordingly, Plaintiff's intentional infliction claim should be dismissed against all of the Defendants.

To the extent that Plaintiff seeks to assert claims under Title VII and the ADA against the Individual Defendants, these claims should be dismissed because the Second Circuit Court of Appeals has long held for that there is no individual liability under these statutes.

## FACTS

In his Complaint, Plaintiff alleges that he began working for Pitney Bowes in 1993 and held the position of Assistant Associate. (Complaint ¶ 9.)[1] Plaintiff further alleges that his job responsibilities included sorting and delivering mail. (*Id.*)

During the course of his employment, Plaintiff claims that he developed back problems and, for this reason, submitted a doctor's note, signed by a nurse, restricting his activities to "limited walking and no heavy lifting." (Complaint ¶ 10.) According to Plaintiff, his managers "paid no attention to this written communication." *Id.* Plaintiff further alleges that his manager, Kelley, challenged the restrictions set forth in the doctor's note and requested that Plaintiff speak with Roland, a member of Pitney Bowes' Human Resources Department. (Complaint ¶ 11.)

Although Plaintiff alleges that he attempted to resolve the issue regarding the alleged work restrictions contained in the doctor's note, no agreement was reached between Plaintiff and Kelley. (Complaint ¶ 11.) In addition, Plaintiff alleges that his manager continued to assign Plaintiff to work on multiple floors which violated the light duty restrictions set forth in the note. *Id.*

Thereafter, Plaintiff alleges that he was "written up a number of times" and that, on one particular day in April 2007, Phil Weed, the Night Supervisor, told Plaintiff to send five facsimiles, and then cursed and threatened Plaintiff in an unspecified manner. (Complaint ¶¶ 12-13.) Plaintiff claims that he was discharged the next day with the "approval and consent" of Roland. (Complaint ¶ 13.)

---

[1] Although Defendants deny the material allegations of the Complaint, they will assume them to be true for the purposes of this motion.

2

## ARGUMENT

## POINT I

### DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Under New York law, a party claiming intentional infliction of emotional distress must plead and prove four elements: (1) extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350 (1993) (dismissing intentional infliction of emotional distress claim because complaint fail to satisfy strict pleading requirements); *Murphy v. Am. Home Prod. Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232 (1983) (same); *Fischer v. Maloney*, 43 N.Y.2d 553, 557, 402 N.Y.S.2d 350, 353 (1978) (same) (citing the Restatement of Torts Second, Comment d to § 46, subd. [1]: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."); *Dillon v. City of New York*, 704 N.Y.S.2d 1, 7 (1st Dep't 1999) ("such extreme and outrageous conduct must be clearly alleged for the pleading to survive dismissal"). *See also Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) (citing *Howell*.)

The Court of Appeals has emphasized that these pleading requirements are "rigorous and difficult to satisfy." *Howell*, 81 N.Y.2d at 122. The Court in *Howell* also noted that "of the intentional infliction of emotional distress claims considered by his Court, every one has failed because the alleged conduct was not sufficiently outrageous." *Id.* For this same reason, intentional infliction of emotional distress claims have not fared well in the employment context.

For example, in *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 303 (1983), plaintiff alleged that he had been terminated in a "humiliating" and "deliberately and viciously insulting" manner after reporting internal fraud to the company, allegations which included claims that plaintiff was discharged, ordered to leave the employer's premises immediately, and forcibly and publicly escorted from the workplace by security guards. The Court of Appeals found these allegations insufficient as a matter of law to support a claim for intentional infliction of emotional distress. Similarly, in *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1158 (2d Cir. 1993), the Second Circuit found that the employer's unreasonable performance demands and threats of termination -- even when coupled with "unprofessional pounding on the table" during a discussion about plaintiff's performance, a "five-minute tirade" during which the plaintiff's supervisor "ranted and cursed" at plaintiff and "berated" and threatened to fire him, and the supervisor's comment that he had intended to make plaintiff ill when the plaintiff reported that he was under a doctor's care for high blood pressure due to job stress -- "f[e]ll far short of the 'extreme' and 'outrageous' conduct that is actionable as an intentional infliction of emotional distress." *See also Foley v. Mobil Chem. Co.*, 214 A.D.2d 1003, 1005, 626 N.Y.S.2d 906 (2d Dep't 1995) (allegations that defendants sexually harassed plaintiff not sufficiently outrageous to withstand the defendants' motion to dismiss intentional infliction of emotional distress claim); *Jaffe v. Nat'l League for Nursing*, 222 A.D.2d 233, 635 N.Y.S.2d 9 (1st Dep't 1995) (harassment and intimidation which resulted in forced resignation insufficient to state claim for intentional infliction of emotional distress); *Navarro v. Fed. Paper Bd. Co., Inc.*, 586 N.Y.S.2d 381, 382-384 (3rd Dep't 1992) (dismissing an intentional infliction of emotional distress claim where the plaintiff alleged that, after suffering a job-related injury, defendant employer had plaintiff

arrested for trespassing in front of his fellow workers because plaintiff failed to first call to arrange the visit to the employer's premises).

Plaintiff's intentional infliction of emotional distress claim is based on nothing more than his allegations that Pitney Bowes wrongfully terminated his employment and, in the days leading up to his termination, that his manager failed to recognize the restrictions set forth in the nurse's note, wrote Plaintiff "written up a number of time", asked Plaintiff "to do five faxes" three minutes before he was scheduled to leave one night, and cursed at and threatened him.[2] (Complaint ¶¶ 10-13.) Measured against the strict pleading requirement for an intentional infliction claim, Plaintiff's allegations fall short and, as a result, his third cause of action should be dismissed with prejudice.

## POINT II

### DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE VII OR THE ADA

Although Plaintiff titles his first and second causes of action for violations of Title VII and the ADA, respectively, as being only against Pitney Bowes Inc., (Complaint ¶¶ 15-18), the factual allegations contained in the Complaint suggest that he is asserting those claims against the Individual Defendants. For example, Plaintiff alleges that the conduct of Kelley and Rodriguez in refusing to comply with his doctor's restrictions on his ability to work was motivated by his alleged disability and his Jewish national origin. (Complaint ¶¶ 10, 15-16.)

---

[2] While the allegations, taken as a whole, are insufficient to state a claim for intentional infliction of emotional distress against Pitney Bowes. The allegations against each of the Individual Defendants are wholly inadequate to support an intentional infliction of emotional distress claim against any one of them. The only allegations against Roland are that he agreed to speak with the nurse about the restrictions and that Plaintiff's termination was with his "approval and consent." (Complaint ¶¶ 11, 13.) The only allegations against Weed are that, on one occasion, he asked Plaintiff "to do five faxes" three minutes before he was scheduled to leave and that he cursed at and threatened Plaintiff. (Complaint ¶ 13.) The only allegations against Kelley and Rodriguez are that they failed to recognize the restrictions set forth in the nurse's note and improperly wrote up Plaintiff on a number of occasions. (Complaint ¶¶ 10-12.)

5

Similarly, Plaintiff alleges that the write-ups he received from his supervisors, the request by Weed that he send five facsimiles and the alleged cursing and threats by Weed "were nothing more than harassment based on his Disability and Jewish National Origin" and "were based on his Disability . . . and the fact that he was of Jewish heritage." (Complaint ¶¶ 12, 14.)

To the extent that Plaintiff seeks to assert his causes of action under Title VII and the ADA against the Individual Defendants, those claims should be dismissed because it is well settled that individuals, even those with supervisory control, may not be held personally liable under those statutes. In *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-1317 (2d Cir. 1995), *abrogated on other grounds, Burlington Ind. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257 (1998) the Second Circuit rejected individual liability under Title VII and dismissed plaintiff's Tite VII claims against all of the individual defendants finding that the statutory scheme and remedial provisions of Title VII indicate that Congress intended to limit liability to employer-entities with fifteen or more employees and that a finding of agent liability would lead to results that Congress could not have contemplated. *See also Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 451 (S.D.N.Y. 2006) (recognizing that individual liability under each of the discrimination statutes is construed similarly).

Since *Tomka*, the Second Circuit and the District Courts have consistently refused to recognize individual liability under Title VII and the ADA. *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (rejecting individual liability under Title VII); *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (rejecting individual liability under Title II of the ADA); *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 689 (2d Cir. 1998) (recognizing the lack of individual liability under Title VII); *Harris v. Mills*, 478 F. Supp. 2d 544, 547 (S.D.N.Y. 2007) (rejecting individual liability under the ADA); *Lennon v.*

*NYC Health and Hosp. Corp.*, 392 F. Supp. 2d 630, 640 (S.D.N.Y. 2005) (rejecting individual liability under Title VII and the ADA).

Plaintiff's allegation that Kelley, Rodriguez, Weed and Roland are employed by Pitney Bowes as "managerial employees" does not alter the fact that they cannot be held individually liable under Title VII or the ADA. (Complaint ¶¶ 4-8.) *See Tomka*, 66 F.3d at 1313-15; *Garcia*, 280 F.3d at 107; *Harris*, 478 F. Supp. at 547.

Accordingly, to the extent that Plaintiff asserts his claims under Title VII and the ADA against the Individual Defendants, they should be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, Pitney Bowes' motion to dismiss the third cause of action with prejudice and the Individual Defendants' motion to dismiss the complaint in its entirety with prejudice should be granted.

Date:  August 11, 2008
       New York, New York

EDWARDS ANGELL PALMER & DODGE LLP

By: *Rory McEvoy /sa*
Rory J. McEvoy (RM-1327)
John G. Stretton (JS-1051)
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411

7

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM 1327)
John G. Stretton (JS 1051)
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARK D. SIEGEL,

                Plaintiff,

      -against-

PITNEY BOWES, INC., et al.,

                Defendants.

Index No.: 112884/07

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                            : ss.:
COUNTY OF NEW YORK  )

Jean McLoughlin, being duly sworn, deposes and states that she is over the age of 18, is not a party to this action, and on the 11th of August 2008, she caused a true copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS to be served upon:

                Andrew J. Schatkin, Esq.
                Attorney for Plaintiff
                350 Jericho Turnpike
                Jericho, New York 11753

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

                                                  Jean McLoughlin

Sworn to before me this
11th day of August 2008

Notary Public

JULIA RABINOVICH
Notary Public, State of New York
No. 01RA6181248
Qualified in New York County
Commission Expires Jan. 28, 2012