UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARC D. SIEGEL,

                            Plaintiff,          08 Civ. 5424 (DC)

   -against-

PITNEY BOWES, INC.; ROBERT KELLY,
MANAGER PITNEY BOWES; EDWARD
RODRIGUEZ, SUPERVISOR PITNEY BOWES;
PHIL WEED, MANAGEMENT SUPERVISOR
PITNEY BOWES; and BRIAN ROLAND,
HUMAN RESOURCES PITNEY BOWES;

                            Defendants.
------------------------------------------------------------X


PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF DENIAL
OF DEFENDANTS' PARTIAL MOTION TO DISMISS


                                                 BY: _____
                                                     Andrew J. Schatkin
                                                     Law Office of
                                                     Andrew J. Schatkin
                                                     350 Jericho Turnpike
                                                     Jericho, NY 11753
                                                     (516) 932-8120

                                                     Attorney for the Plaintiff

TABLE OF CONTENTS

|      |                                                                                                                                                                                                                                    | PAGE |
|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | TABLE OF AUTHORITIES                                                                                                                                                                                                               | 3    |
| II.  | STATEMENT OF FACTS                                                                                                                                                                                                                 | 4    |
| III. | POINT I<br>DEFENDANTS' MOTION TO DISMISS SHOULD NOT BE GRANTED, SINCE THE PLAINTIFF MAKES NO CLAIM AGAINST INDIVIDUALS, OR ON THE BASIS OF INDIVIDUAL LIABILITY UNDER TITLE VII OR THE ADA                                          | 5    |
| IV.  | POINT II<br>DEFENDANTS' MOTION TO DISMISS SHOULD NOT BE GRANTED, SINCE THE PLAINTIFF HAS STATED A LEGAL CLAIM FOR THE INTENTIONAL INFLICTION OF MENTAL DISTRESS                                                                      | 6    |
| V.   | CONCLUSION                                                                                                                                                                                                                         | 10   |

## TABLE OF AUTHORITIES

                                                                                                                                                 PAGE

Atherton v. 21 East 92nd Corp., 149 A.D. 2d 354, 539 N.Y.S. 2d 933
(1st Dept. 1989)     7

Belanoff v. Grayson, 471 N.Y. 2d 91, 194 98 A.D. 2d 353, 357 (1st Dept. 1989)     7

Bender v. New York, 78 F. 3d 787, 790 (2d Cir. 1991)     7

Brink's Inc. v. City of New York, 533 F. Supp. 1123, 1125 (S.D.N.Y. 1982)     7

Collins v. Wilcox, Inc., 158 Misc. 2d 154, 600 N.Y.S. 2d 884 (S. Ct. N.Y. Co. 1992)     8

Flamm v. Van Neirop, 56 Misc. 2d 1059, 1061, 291 N.Y.S. 2d 189, 191
(West Cty. Sup. Ct. 1968)     8

Flatley v. Hartmann, 128 A.D. 2d 345, 525 N.Y.S. 2d 637 (2d Dept. 1988)     8

Halio v. Lurie, 16 A.D. 2d 62, 67, 222 N.Y. S. 2d 759, 754 (2d Dept. 1961)     8

Howell v. New York Post Company, 81 N.Y. 2d 115, 596 N.Y.S. 2d 350,
612 N.E. 2d 699, 702 (1993)     7

Levine v. Gurney, 149 A.D. 2d 473, 539 N.Y. S. 2d 967 (2d Dept. 1984)     9

Murphy v. American Home Products, 58 NY 2d 293, 461 N.Y.S. 2d 2232, 448     7

Neufeld v. Neufeld, 910 F. Supp. 977 (S.D.N.Y. 1996)     8

O'Reilly v. Executone of Arby, 121 A.D. 2d 772, 503 N.Y.S. 2d 185
(3rd Dept. 1986)     8

Sanchez v. Orozco, 129 A.D. 2d 391, 571 N.Y.S. 2d 145 (1st Dept. 1991)     7

Tighe v. Ginsberg, 146 A.D. 2d 268, 540 N.Y.S. 2d 99 (4th Dept. 1989)     8

STATEMENT OF FACTS

    The plaintiff herein brings a Title VII and Disability claim under the Americans With Disabilities Act against the defendant, Pitney Bowes, Inc.  The plaintiff also makes a claim against the following individual defendants: Robert Kelly, Manager, Pitney Bowes; Edward Rodriguez, Supervisor, Pitney Bowes; Phil Weed, Management Supervisor, Pitney Bowes; and Brian Roland, Human Resources, Pitney Bowes,  for the Intentional Infliction of Mental Distress.

    The Complaint, which has been attached to the Notice of Motion of the defendants herein, is clear and opaque and needs no elucidation in this Statement of Facts.  Suffice it to say that the plaintiff claims termination because of his Jewish National Origin and because of back problems.  The defendants herein claim that individuals are sued in this Complaint under the Americans With Disabilities Act and Title VII of the Civil Rights Act of 1964.  That is not a true or accurate statement of assessment of the nature of the Complaint, which is brought against the corporation, Pitney Bowes, under Title VII and the ADA.

    Further, the defendants claim that the tort claim of the Intentional Infliction of Mental Distress should be dismissed because the factual allegations relied on by the plaintiff fall short of the extreme and outrageous conduct required to support such a claim.  Again, this is an inaccurate statement of the law.

POINT I
DEFENDANTS' MOTION TO DISMISS SHOULD NOT
BE GRANTED, SINCE THE PLAINTIFF MAKES NO
CLAIM AGAINST INDIVIDUALS, OR ON THE
BASIS OF INDIVIDUAL LIABILITY UNDER TITLE VII
OR THE ADA

The facts of this case as stated in the Complaint, are facial and obvious. In short and in sum, the plaintiff asserts and claims that he was subject to unfair harassment and treatment, culminating in his illegal and unlawful termination, contrary and against his Jewish National Origin and because of back problems.

A reading of this Complaint reveals that these claims, under the Civil Rights Act of 1964, and under the ADA are clearly brought solely and exactly against the corporate entity, Pitney Bowes. There is no claim made under Title VII or the ADA against individuals. Insofar as individuals are referred to in the facts, that is because their actions involve themselves with Pitney Bowes, and the allegation and statement that the plaintiff, Marc Siegel, was the subject and object of National origin Discrimination and Disability Discrimination. There is no way that these Civil Rights claims can be read or interpreted in this Complaint as being brought and lodged against individuals. The defendants are correct on the law that there is no individual liability under the ADA and the Civil Rights Act of 1964, but, the fact of the matter is, this Complaint is not brought against individuals under these Federal Civil Rights Statutes.

POINT II
DEFENDANTS' MOTION TO DISMISS SHOULD NOT
BE GRANTED, SINCE THE PLAINTIFF HAS STATED
A LEGAL CLAIM FOR THE INTENTIONAL INFLICTION
OF MENTAL DISTRESS

The defendants claim that the Plaintiff's Tort Claim for the Intentional Infliction of Emotional Distress should be dismissed as not sufficiently extreme and outrageous under New York Law. The fact of the matter is that Mr. Siegel was subject to, upon a reading of this Complaint, to a long period of ill treatment and harassment based on his National Origin and his Disability, which resulted in his termination from his position. Can there be any more outrageous and awful action than depriving a person of their economic livelihood and basis of survival, preceded by a long period of attacks and unfair treatment? The law supports this view.

Indeed, the facts here, show great harassment leading to the painful termination of Mr. Siegel. To state this is not the Intentional Infliction of Mental Distress is not a credible statement.

It surely can be said that no civilized society should tolerate a factual scenario such as occurred here, where there was a longstanding campaign against Mr. Siegel resulting in his termination, fully participated in by the individual defendants named in the Federal Complaint.

The law supports this view. Under New York law in order to establish a claim for the tort of the intentional infliction of mental distress the plaintiff must demonstrate four elements: 1) that the defendants engaged in extreme and outrageous conduct, 2) that the defendants intended to cause severe emotional distress, 3) that the plaintiff suffered severe emotional distress, 4) that Defendant's conduct caused Plaintiff's emotional

distress Bender v. New York, 78 F. 3d 787, 790 (2d Cir. 1991). It is true that New York law does set a high threshold for an emotional distress claim holding that the conduct must be extreme and outrageous enough to constitute the tort of the intentional infliction of mental distress. See, Howell v. New York Post Company, 81 N.Y. 2d 115, 596 N.Y.S. 2d 350, 612 N.E. 2d 699, 702 (1993). It has been held that to state the claim the conduct must be so outrageous in character and so extreme as to be beyond all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society. Murphy v. American Home Products, 58 NY 2d 293, 461 N.Y.S. 2d 2232, 448.

It has been further held, and this holding is fully applicable to the case at bar, that the tort is stated where severe mental anguish is inflicted through a deliberate and malicious campaign of harassment, however participated and brought about by Pitney Bowes. Belanoff v. Grayson, 471 N.Y. 2d 91, 194 98 A.D. 2d 353, 357 (1st Dept. 1989); See also, Brink's Inc. v. City of New York, 533 F. Supp. 1123, 1125 (S.D.N.Y. 1982).

The harassment and resulting severe mental anguish is fully stated in this complaint. In Sanchez v. Orozco, 129 A.D. 2d 391, 571 N.Y.S. 2d 145 (1st Dept. 1991), the Appellate Division, First Department, held that the lower court erred in dismissing the action or emotional distress based on the allegation that a psychiatrist persuaded his psychiatric patient to have a sexual relationship with him especially in view of the fact that the psychiatrist placed numerous harassing telephone calls to the patient after she had terminated their sexual relationship.

Similarly, in Atherton v. 21 East 92nd Corp., 149 A.D. 2d 354, 539 N.Y.S. 2d 933 (1st Dept. 1989) in an action for breach of the implied warranty of habitability where the complaint alleged water seepage; collapse of ceilings; damage to walls; and malfunction

7

of the heating system which caused soot and carbon monoxide to be emitted, the court held the tenant should have been permitted to amend the complaint to add a cause of action for mental anguish based on her fear of the dangerous conditions present in the apartment.  See also, Tighe v. Ginsberg, 146 A.D. 2d 268, 540 N.Y.S. 2d 99 (4th Dept. 1989).

In O'Reilly v. Executone of Arby, 121 A.D. 2d 772, 503 N.Y.S. 2d 185 (3rd Dept. 1986), the Appellate Division, Third Department, held that a complaint alleging sexual harassment on the job by superiors and co-workers and the employer's refusal to take corrective or remedial action forcing the plaintiff to resign and take other employment stated a cause of action for the intentional infliction of mental distress.  See also, Collins v. Wilcox, Inc., 158 Misc. 2d 154, 600 N.Y.S. 2d 884 (S. Ct. N.Y. Co. 1992); Neufeld v. Neufeld, 910 F. Supp. 977 (S.D.N.Y. 1996)

It should be noted that there has been a trend in this area of law to permit the tort to be pled with allegations of conduct that are less than outrageous.  Thus, in Flatley v. Hartmann, 128 A.D. 2d 345, 525 N.Y.S. 2d 637 (2d Dept. 1988), the Appellate Division, Second Department held that the plaintiff stated a cause of action for the intentional infliction of mental distress by alleging that the defendant made repeated telephone calls to the plaintiff's house only to hang up as someone answered.

In similar fashion in Halio v. Lurie, 16 A.D. 2d 62, 67, 222 N.Y. S. 2d 759, 754 (2d Dept. 1961), it was held that a taunting letter from a former boyfriend boasting of his marriage was held sufficient to state a cause of action for mental distress.  In Flamm v. Van Neirop, 56 Misc. 2d 1059, 1061, 291 N.Y.S. 2d 189, 191 (West Cty. Sup. Ct. 1968), the trial court held that the cause of action for the intentional infliction of mental distress

was made by allegations of harassing the plaintiff by driving too closely and making threatening looks.  On this See also, <u>Levine v. Gurney</u>, 149 A.D. 2d 473, 539 N.Y. S. 2d 967 (2d Dept. 1984).

It is clear under the applicable case law, and given recent trends in the field, that allegations sufficient to make out this tort are made out here with respect to Pitney Bowes.

In short, extremely outrageous conduct here is supported here by the facts and by the most pertinent and relevant case law authority.

CONCLUSION

For all the foregoing reasons it is respectfully requested that the defendants' Motion to

Dismiss be denied in its entirety.

Dated: August 18, 2008
      Jericho, New York

                                            _____
                                            Andrew J. Schatkin
                                            Law Office of
                                            Andrew J. Schatkin
                                            350 Jericho Turnpike
                                            Jericho, NY 11753
                                            (516) 932-8120

                                            Attorney for the Plaintiff