UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARC D. SIEGEL,                                              :
                                                            :
                        Plaintiff,                          :
                                                            :
        - against -                                         :        08 CIV. 5424 (DC)
                                                            :
PITNEY BOWES INC. ET. AL.                                    :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' PARTIAL MOTION TO DISMISS

EDWARDS, ANGELL, PALMER & DODGE LLP
Rory McEvoy (RM 1327)
John G. Stretton (JS 1051)
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
(212) 308-4411

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ............................................................................... 1

ARGUMENT.............................................................................................................. 1

I.  THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM
    SHOULD BE DISMISSED............................................................................... 1

    A.  Plaintiff Fails To Identify the Factual Allegations That He Claims Are
        Sufficient To State A Claim For Intentional Infliction Of Emotional
        Distress ................................................................................................ 2

    B.  The Legal Authority Relied Upon by Plaintiff Is Inapposite ................... 3

    C.  The Complaint Fails To Make Allegations That Are Sufficient To State A
        Claim For Intentional Infliction Of Emotional Distress Against Each Of
        The Individual Defendants ..................................................................... 6

II.  THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE VII OR THE ADA ............. 6

CONCLUSION ........................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atherton v. 21 E. 92nd Street Corp.*, 149 A.D.2d 354, 539 N.Y.S.2d 933 (1st Dep't 1989)...........3

*Belanoff v. Grayson*, 98 A.D.2d 353, 471 N.Y.S.2d 91 (1st Dep't 1984)......................................4

*Brink's Inc. v. City of New York*, 533 F. Supp. 1123 (S.D.N.Y. 1982)...........................................4

*Collins v. Wilcox Inc.*, 158 Misc. 2d 54, 600 N.Y.S.2d 884 (S. Ct. N.Y. 1992) ............................5

*Fischer v. Maloney*, 43 N.Y.2d 553, 402 N.Y.S.2d 350 (1978)......................................................2

*Flamm v. Van Nierop*, 56 Misc. 2d 1059, 291 N.Y.S.2d 189 (West Cty. Sup. Ct. 1968)...............3

*Flatley v. Hartman*, 138 A.D.2d 345, 525 N.Y.S.2d 637 (2d Dep't 1988) .....................................3

*Halio v. Lurie*, 15 A.D.2d 62, 22 N.Y.D.2d 759 (2d Dep't 1961) ...................................................3

*Howell v. New York Post. Co.*, 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ......................................1

*Levine v. Gurney*, 149 A.D.2d 473, 539 N.Y.S.2d (2d Dep't 1989) ................................................3

*Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 461 N.Y.S2d 232 (1983)..............2, 3

*Neufeld v. Neufeld*, 910 F. Supp. 977 (S.D.N.Y. 1996)...................................................................3

*O'Reilly v. Executone of Albany, Inc.*, 121 A.D.2d 772, 503 N.Y.S.2d 185 (3rd Dep't 1986).......5

*Parsons v. United Technologies Corp.*, 243 Conn. 66 (1997).........................................................3

*Perodeau v. City of Hartford*, 259 Conn. 729 (2002)......................................................................4

*Sanchez v. Orozco*, 178 A.D.2d 391, 578 N.Y.S.2d 145 (1st Dep't 1991) .....................................3

*Spense v. Maryland Casualty Co.*, 995 F.2d 1147 (2d Cir. 1993)...................................................3

*Tigh v. Ginsberg*, 146 A.D.2d 268, 540 N.Y.S.2d 99 (4th Dep't 1989).........................................3

**Statutes**

Fed. R. Civ. P. 12(d)(6) ...................................................................................................................2

## PRELIMINARY STATEMENT

In Plaintiff's Memorandum of Law in Support of Denial of Defendant's Partial Motion to Dismiss ("Pl. Br."), Plaintiff Marc D. Siegel ("Plaintiff" or "Siegel") admits that (i) he is not seeking to hold the individual defendants personally liable under Title VII or the ADA and (ii) to state a claim for intentional infliction of emotional distress the conduct must be so outrageous in character and so extreme as to be beyond all possible bounds of decency and must be regarded as utterly intolerable in a civilized society. (Pl. Br. p 7). Plaintiff fails, however, to point to any allegations in the Complaint (because there are none) that even begin to satisfy this high threshold for an emotional distress claim. Nor does Plaintiff cite to any authority holding that the types of meager allegations contained in the Complaint are sufficient to support such a claim. Instead, Plaintiff ignores the cases cited by Defendants, makes conclusory statements (again without a single citation to the allegations contained in the Complaint) that "the facts here, show great harassment leading to the painful termination of Mr. Siegel", (Pl. Br. p. 6) and relies on cases that do not arise in the employment context.

As a result, Defendants partial to dismiss should be granted, the Complaint should be dismissed in its entirety with prejudice against all the individual Defendants and the third cause of action should be dismissed with prejudice against Pitney Bowes Inc.

## ARGUMENT

## POINT I

## THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM SHOULD BE DISMISSED

Plaintiff does not dispute (nor could he) that, under New York law, the pleading requirements for a claim of intentional infliction of emotional distress are "rigorous and difficult to satisfy," *Howell v. New York Post. Co.*, 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350 (1993), and

require allegations of conduct so extreme and so outrageous as to be beyond all possible bounds

of decency and to be regarded as atrocious and utterly intolerable in a civilized society. *Fischer*

*v. Maloney*, 43 N.Y.2d 553, 557, 402 N.Y.S.2d 350, 353 (1978); *see also* Pl. Br. p 7. As

Defendants have shown, Plaintiff's Complaint is devoid of allegations sufficient to state a claim

for intentional infliction of emotional distress. Plaintiff implicitly concedes this fact by failing to

point to any paragraph or allegation in the Complaint that he claims is sufficient to state a claim

for intentional infliction of emotional distress. In addition, Plaintiff fails to cite to any legal

authority holding that the allegations in the Complaint are sufficient to state a viable claim for

intentional infliction of emotional distress under New York law.

### A. Plaintiff Fails To Identify the Factual Allegations That He Claims Are Sufficient To State A Claim For Intentional Infliction Of Emotional Distress

In a transparent attempt to avoid the inadequacy of the factual allegations in the

Complaint to support a claim for intentional infliction of emotional distress, Plaintiff states ni

conclusory fashion that the Complaint "is clear and opaque and needs no elucidation . . ." Pl. Br.

p 4. However, it is Plaintiff's burden to allege facts sufficient to state a claim upon which relief

can be granted. Fed. R. Civ. P. 12(d)(6). Plaintiff has failed to do so. As Defendants have

shown, the factual allegations contained in the Complaint fall far short of satisfying the strict

pleading requirements for an intentional infliction of emotional distress claim and cannot, under

any conceivable circumstances, be deemed to describe conduct so extreme and so outrageous as

to be beyond all possible bounds of decency and to be regarded as atrocious and utterly

intolerable in a civilized society. *See* Def. Br. pp 3-5. Moreover, the simple fact that Plaintiff

describes his termination as wrongful or discriminatory is insufficient to support a claim for

intentional infliction of emotional distress. Pl. Br. p. 4. *Murphy v. American Home Products*

*Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S2d 232 (1983) (describing a termination as "abusive or

wrongful" is insufficient to state a claim for intentional infliction of emotional distress); *Spense v. Maryland Casualty Co.*, 995 F.2d 1147, 1158 (2d Cir. 1993) (under New York law, plaintiff cannot evade the at-will contract rule by casting his cause of action in terms of a tort of intentional infliction of emotional distress); *see also Parsons v. United Technologies Corp.*, 243 Conn. 66, 88-89 (1997) ("the mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior").

**B.    The Legal Authority Relied Upon By Plaintiff Is Inapposite**

While Plaintiff concedes (as he must) that the pleading standard for an intentional infliction of emotional distress claim in New York is "high," (Pl. Br. p 7), the legal authority relied upon by Plaintiff lends no support to his opposition to Defendants motion because virtually all of these cases do not involve the employer-employee relationship. *E.g., Atherton v. 21 E. 92nd Street Corp.*, 149 A.D.2d 354, 539 N.Y.S.2d 933 (1st Dep't 1989) (landlord/tenant dispute); *Flatley v. Hartman*, 138 A.D.2d 345, 525 N.Y.S.2d 637 (2d Dep't 1988) (dispute between neighbors); *Sanchez v. Orozco*, 178 A.D.2d 391, 578 N.Y.S.2d 145 (1st Dep't 1991) (claim by patient against psychiatrist); *Tigh v. Ginsberg*, 146 A.D.2d 268, 540 N.Y.S.2d 99 (4th Dep't 1989) (patient/doctor dispute); *Neufeld v. Neufeld*, 910 F. Supp. 977 (S.D.N.Y. 1996) (claim between relatives); *Flamm v. Van Nierop*, 56 Misc. 2d 1059, 291 N.Y.S.2d 189 (West Cty. Sup. Ct. 1968) (claim between individuals); *Levine v. Gurney*, 149 A.D.2d 473, 539 N.Y.S.2d (2nd Dep't 1989) (claim between individuals); *Halio v. Lurie*, 15 A.D.2d 62, 22 N.Y.D.2d 759 (2d Dep't 1961) (claim between boyfriend and girlfriend). The stresses confronted by individuals in the workplace are unique and are to be expected as part of the employer/employee relationship. *Murphy,* 58 N.Y.2d at 303 (refusing to recognize a claim for intentional infliction of emotional distress where the termination was alleged to be "abusive or

wrongful"); *see also Perodeau v. City of Hartford*, 259 Conn. 729, 757 (2002) ("individuals in the workplace should reasonably expect to experience some level of emotional distress, even significant emotional distress, as a result of conduct in the workplace").

In two of the employment cases cited by Plaintiff, *Belanoff v. Grayson*, 98 A.D.2d 353, 471 N.Y.S.2d 91 (1st Dep't 1984) and *Brink's Inc. v. City of New York*, 533 F. Supp. 1123 (S.D.N.Y. 1982), the Courts recognized the strict pleading requirements associated with an intentional infliction claim and dismissed the plaintiffs' claims for intentional infliction of emotional distress for failing to meet them. In *Belanoff*, the plaintiff alleged that she was repeatedly unfairly criticized and evaluated, criticisms which the plaintiff alleged resulted in her seeking medical attention. *Belanoff*, 471 N.Y.S.2d at 92-93. In addition, the plaintiff alleged that her requests to remove these unfavorable reviews from her file were rejected and that she was eventually terminated via telegram. The Court held that these allegations were insufficient to state a claim for intention infliction of emotional distress and dismissed the claim.

In *Brink's*, the Court rejected as insufficient allegations by the plaintiff that he was "demoted" and "harassed and verbally abused by several employees" causing him to suffer "severe emotional distress" and injury to his marriage. *Brink's Inc.*, 533 F. Supp. at 1125. The allegations in *Belanoff and Brink's* are similar to Siegel's claim that he was "written up a number of times," that his manager failed to recognize the work restrictions set forth in the nurse's note Plaintiff submitted, and that, on one occasion, he was asked "to do five faxes" three minutes before he was scheduled to leave while being cursed at and threatened. (Complaint ¶¶ 10-13). Just as the conduct in *Belanoff* and *Brink's* was insufficient to state a claim of intentional infliction of emotional distress, Plaintiff's allegations are equally incapable of meeting the strict requirements to state an intentional infliction of emotional distress claim.

4

The final two cases relied upon by Plaintiff, *Collins v. Wilcox Inc.*, 158 Misc. 2d 54, 600 N.Y.S.2d 884 (S. Ct. N.Y. 1992) and *O'Reilly v. Executone of Albany, Inc.*, 121 A.D.2d 772, 503 N.Y.S.2d 185 (3rd Dep't 1986), are also distinguishable because these cases, unlike the present action, are sexual harassment cases. Sexual harassment cases, unlike other types of discrimination claims, often involve allegations of battery and extreme and repeated instances of "embarrassing, humiliating and demeaning" conduct. *Collins*, 600 N.Y.S.2d at 886; *see also O'Reilly*, 503 N.Y.S.2d at (wherein the allegations included claims that the plaintiff was "intentionally, repeatedly and maliciously touched in a sexual manner," that the plaintiff was regularly subjected to "sexual jokes, comments and inquiries, sexual oriented physical contact, sexually oriented practical jokes, the posting and presence of pornographic pictures and exposing sexual artifacts" and, furthermore, that the company ignored her complaints and requests for help). However, even where the claim involves allegations of sexual harassment, the plaintiff must still satisfy the strict pleading requirements necessary to state a claim for intentional infliction of emotional distress. For instance, despite allegations of battery and repeated instances of "embarrassing, humiliating and demeaning" conduct, the Court in *Collins*, in declining to dismiss the intentional infliction of emotional distress claim, found it important to note that the complaint also included allegations that sexual advances were made "at a married person in an attempt to induce violations of a person's marital vows and trust." *Collins*, 600 N.Y.S.2d at 886.

Unlike the complaint in *Collins*, Plaintiff does not advance allegations of battery or any other conduct remotely approaching the severity of the conduct alleged in *Collins* and *O'Reilly*, and, instead, alleges nothing more than the ordinary trials and tribulations common to the

workplace, such as poor reviews, unreasonable performance demands and disagreements over work assignments.  (Complaint ¶¶ 10-13).

**C.    The Complaint Fails To Make Allegations That Are Sufficient To State A Claim For Intentional Infliction Of Emotional Distress Against Each Of The Individual Defendants**

In his Brief, Plaintiff ignores and fails to address the showing made by each of the Individual Defendants[1] that while the allegations, even when taken as a whole, are insufficient to state a claim for intentional infliction of emotional distress against Pitney Bowes, the allegations against each of the Individual Defendants, when considered separately, are wholly inadequate to support an intentional infliction of emotional distress claim against any one of them.  Def. Br. p 5, n 2.  By failing to address this argument, Plaintiff concedes that the allegations against each of the Individual Defendants are insufficient to state an intentional infliction claim.

## POINT II

## THERE IS NO INDIVIDUAL LIABILITY UNDER TITLE VII OR THE ADA

Plaintiff does not dispute that there is no individual liability under the ADA or Title VII. Pl. Br. p 5.  Accordingly, to the extent that the Complaint can be construed to allege claims of individual liability under the ADA or Title VII, these claims should be dismissed.

---

[1] The "Individual Defendants" are Robert Kelley, Edward Rodriguez, Phil Weed and Brian Roland.

## **CONCLUSION**

For all the foregoing reasons, and well as those set forth in Defendants' Partial Motion to Dismiss, Pitney Bowes' motion to dismiss the third cause of action with prejudice and the Individual Defendants' motion to dismiss the complaint in its entirety with prejudice should be granted.

Date:   August 25, 2008
        New York, New York

                                EDWARDS ANGELL PALMER & DODGE LLP

                                By: _____
                                    Rory J. McEvoy (RM-1327)
                                    John G. Stretton (JS-1051)
                                    Attorneys for Defendants
                                    750 Lexington Avenue
                                    New York, New York 10022
                                    212.308.4411

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM 1327)
John G. Stretton (JS 1051)
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

MARK D. SIEGEL,

                              Plaintiff,

                                                              Index No.: 112884/07

          -against-

                                                              **AFFIDAVIT OF SERVICE**

PITNEY BOWES, INC., et al.,

                              Defendants.

_____

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jean McLoughlin, being duly sworn, deposes and states that she is over the age of 18, is not a party to this action, and on the 25th of August 2008, she caused a true copy of the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS to be served upon:

                    Andrew J. Schatkin, Esq.
                    Attorney for Plaintiff
                    350 Jericho Turnpike
                    Jericho, New York 11753

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

                                              _____
                                                       Jean McLoughlin

Sworn to before me this
25th day of August 2008

_____
Notary Public

**JULIA RABINOVICH**
Notary Public, State of New York
No. 01RA6181248
Qualified in New York County
Commission Expires Jan. 26, 2012